NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VANESSA-BARNES: BEY, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> STATE OF NEW JERSEY, : <br> DEPARTMENT OF LAW AND PUBLIC : <br> SAFETY, et al. : <br> : <br> Defendants. : | Civil Action No. 11-5589 (JAP) <br><br> **OPINION** |

Presently before the Court is Defendant State of New Jersey, Department of Law and Public Safety's ("Defendant") motion to dismiss Plaintiff Vanessa-Barnes: Bey's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 8(a), 10(b), 12(b)(1), and 12(b)(6). Plaintiff opposes the motion. For the reasons set forth below, the Court will grant Defendant's motion to dismiss.

**I.   BACKGROUND**[1]

Plaintiff commenced this action against Defendant on September 27, 2011. In her Complaint—which Plaintiff filed on a Standard Form 95, the form used to present claims against the United States under the Federal Tort Claims Act—Plaintiff alleges a variety of claims in connection with her previous employment at the Juvenile Justice Commission, including claims of sexual harassment, hostile work environment, and retaliation. She also attaches to her Complaint previous decisions rendered by the Attorney General's Office of Equal Employment

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from Plaintiff's Complaint unless otherwise indicated; they do not represent this Court's factual findings.

Opportunity and the Civil Service Commission concluding that she failed to present sufficient evidence to support a finding that she had been subjected to violations of the New Jersey State Policy Prohibiting Discrimination in the Workplace.[2]

On April 23, 2012, Defendant filed the instant motion to dismiss. Therein, Defendant asserts that Plaintiff's Complaint is subject to dismissal because: (1) it fails to adequately plead any claim; (2) Defendant is entitled to Eleventh Amendment immunity from suit; and (3) Plaintiff has failed to exhaust her administrative remedies.

## II.   STANDARD OF REVIEW AND DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the

---

[2] The Court notes that it can properly consider these documents in addressing Defendant's motion to dismiss. *See Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010)(in addressing a motion to dismiss, a court can consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents").

elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *United States v. Day,* 969 F.2d 39, 42 (3d Cir. 1992).

Here, even construed liberally, Plaintiff's Complaint is nearly entirely comprised of "labels and conclusions" without any accompanying factual support. *Twombly*, 550 U.S. at 555. Indeed, the "Basis of Claim" section of her Complaint contains only the following vague, conclusory statements: "Fraud-Tampering with evidence"; "Licentious"; "Sexual harassment "; "Hostile Work Environment & Immoral"; "Unwelcome Behavior of male staff"; "Unethical organization & decision makers"; "Retaliation"; "loss of home, property, (emotional disturbance), loss of health insurance, loss of civil service status"; "wrongfully doc my paycheck"; and "Trickery". Therefore, because Plaintiff has failed to set forth any factual or legal basis for most of those statements, and because the handwritten notations on the exhibits

she attached to her Complaint provide no clarity or support to her claims, Plaintiff's Complaint must be dismissed at this time. *See Iqbal*, 129 S. Ct. at 1949 (a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")(quoting *Twombly*, 550 U.S. at 570)).[3]

Furthermore, to the extent that Plaintiff is seeking to assert claims of sexual harassment, hostile work environment, and retaliation under Title VII,[4] she has failed to exhaust her administrative remedies. In that regard, before bringing an action under Title VII in federal court, a plaintiff must comply with the procedural requirements set forth in 42 U.S.C. 2000e-5, which include filing a charge with the EEOC or its state equivalent within 300 days of the alleged violation and receiving from the EEOC a notice of the right to sue. *See* 42 U.S.C. 2000e-5(e)(1). Here, although Plaintiff appears to have filed a charge with the state equivalent of the EEOC, *see* Compl. Ex. A, B, she has neither made reference to nor produced a right-to-sue letter. As a result, any claims she is attempting to assert under Title VII are subject to dismissal. *See, e.g., Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011)(although the failure to exhaust administrative remedies is not a jurisdictional defect, it does provide grounds for dismissing a case under Federal Rule of Civil Procedure 12(b)(6)(citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000)); *N'Jai v. Floyd*, 2009 WL 4823839, at *11 (W.D. Pa. Dec. 9, 2009)("A plaintiff has an obligation to produce a right to sue letter as a prerequisite

---

[3] Plaintiff's Complaint also fails to comply with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10(b), which requires that claims be set forth in numbered paragraphs. Fed. R. Civ. P. 8(a), 10(b). Moreover, in the opposition to Defendant's motion to dismiss she submitted on June 16, 2012, Plaintiff outlines Defendant's legal arguments but does not address those arguments or provide any basis for rejecting them. Instead, she sets forth a variety of largely unintelligible statements, accusations, and citations with no apparent relation to the instant action.

[4] Based upon the exhibits Plaintiff attached to her Complaint, her assertion of federal question jurisdiction on her civil cover sheet, and the letter brief she submitted dated August 3, 2012, *see* Dkt. Entry 32, Plaintiff's action appears to be founded primarily on these claims. To the extent that she is attempting to bring her claims under the New Jersey Law Against Discrimination, Defendant is entitled to immunity under the Eleventh Amendment. *See Bennett v. City of Atlantic*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003); *Garcia v. The Richard Stockton College of New Jersey*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002)("a plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court").

to maintaining a Title VII claim in federal court."); *Foster v. JLG Industries*, 372 F. Supp. 2d 792, 802-03 (M.D. Pa. 2005)(dismissing Title VII claims because there was "no indication that Plaintiff has filed an EEOC complaint or received a right-to-sue letter"); *Albright v. City of Philadelphia*, 399 F. Supp. 2d 575, 583 n.18 (E.D. Pa. 2005)(closure of state agency's case does not trigger federal statutory limitations period).

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Complaint is granted. However, in light of Plaintiff's *pro se* status, the dismissal is without prejudice, and Plaintiff is permitted to file a request to reopen this case along with an amended complaint that complies with the Federal Rules of Civil Procedure and corrects the deficiencies identified herein. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>United States District Judge

Dated: August 23, 2012